# **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (this "Agreement") is entered into by and between Sam Li ("Plaintiff") and Sushi To Go Cherry Hill, LLC, Cindy "Doe" (last name unknowns), and John Zhang (collectively, "Defendants"). Plaintiff and Defendants are referred to collectively in this Agreement as the "Parties."

WHEREAS, Plaintiff is an adult individual residing in the State of New York;

WHEREAS, Sushi To Go Cherry Hill, LLC is corporation organized under the laws of the State of New Jersey;

WHEREAS, Cindy "Doe" (last name unknow) is an adult individual residing in the State of New Jersey and owner of Sushi To Go Cherry Hill, LLC;

WHEREAS, Plaintiff filed a lawsuit against Defendants in the United States District Court for the District of New Jersey (the "Court"), captioned *Sam Li, individually and on behalf of all other employees similarly situated v. Sushi To Go Cherry Hill, LLC, Cindy "Doe" (last name unknow), and John Zhang*, Civil Action No. 1:22-cv-04734-KMW-EAP (the "Lawsuit"), in which Plaintiff asserts claims against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New Jersey Wage and Hour Law, *N.J.S.A.* 34:11-56a *et seq.* (the "NJWHL"), seeking unpaid overtime pay, unpaid minimum wages, liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest ("Plaintiff's Claims");

WHEREAS, Plaintiff initially styled the Lawsuit as putative collective action under 29 U.S.C. § 216(b) on behalf of similarly situated employees but is no longer seeking to assert claims on behalf of any putative collective action class;

WHEREAS, Defendants deny the allegations made against them in the Lawsuit and deny any liability to Plaintiff under the FLSA or the NJWHL;

WHEREAS, bona fide disputes exist between the Parties regarding whether and to what extent Plaintiff is entitled to relief under the FLSA or the NJWHL, including a dispute regarding whether Plaintiff is exempt from coverage under the FLSA and NJWL and a dispute concerning the number of hours worked by Plaintiff;

WHEREAS, the Parties have exchanged information regarding Plaintiff's Claims and have engaged in settlement discussions; and

WHEREAS, the Parties desire by this Agreement, subject to approval by the Court, to compromise, settle, and resolve Plaintiff's Claims on the terms set forth in this Agreement, which the Parties agree are fair, reasonable, and in their mutual interests;

NOW, THEREFORE, in consideration of the respective covenants, undertakings, mutual promises, representations, and conditions contained herein, and intending to be legally bound hereby, the Parties agree as follows:

1. <u>Settlement Payments.</u>  Within 15 days after the Court's approval of this Agreement, Defendants shall pay the total sum of Fifteen Thousand Dollars ($15,000.00), by way of two cashier's checks: (i) one in the amount of $7,928.66 payable to "Sam Li" and (ii) one check in the amount of $7,071.34 payable to Plaintiff's attorneys, "Hang & Associates, PLLC" (collectively, the "<u>Settlement Payments</u>").  The Settlement Payments shall be sent via overnight delivery to Hang & Associates, PLLC, Attention:  Jian Hang, Esquire, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354.

2. <u>No Other Amounts Due.</u>  The Settlement Payments set forth in Paragraph 1 above are intended to resolve all amounts that have been, could have been, or could be claimed by Plaintiff against Defendants or any of the other Releasees (defined below), including, but not limited to, any claims for wages, overtime compensation, bonuses, liquidated damages, attorneys' fees, interest,

back pay, front pay, and any other amounts Plaintiff has sought or could seek to recover against Defendants under the FLSA, the NJWHL, or otherwise. Plaintiff agrees that, other than the Settlement Payments set forth in Paragraph 1 above, neither Defendants nor any of the other Releasees owes him any additional amounts.

3. <u>Tax Indemnification.</u> Plaintiff acknowledges that he has not received any tax advice from Defendants or their counsel with respect to the Settlement Payments set forth in Paragraph 1 above, acknowledges that he shall be solely responsible for any federal, state, or local taxes payable with respect to the Settlement Payments. Plaintiff further acknowledges that Defendants are not withholding any taxes on the Settlement Payments, and hereby agrees to indemnify, defend, and hold harmless Defendants with respect to any federal, state, or local taxes that may be due in respect of the Settlement Payments and for any penalties that may be assessed against Plaintiff or Defendants as a result of Defendants not withholding taxes on the Settlement Payments or as a result of any taxing authorities characterizing the Settlement Payments in a manner differently from Plaintiff or Defendants.

4. <u>Release.</u>

1) In consideration of the payments, benefits, agreements and other consideration to be provided by Defendants as described in the Agreement, Plaintiff, individually and on behalf of his assigns, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, HEREBY RELEASES AND FOREVER DISCHARGES, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals

or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all causes of action and claims which were alleged in the Complaint filed in the action, specifically including Fair Labor Standards Act and New Jersey Wage and Hour Law, and its associated regulations concerning unpaid wages of any kind, including overtime wages, and minimum wages, which Plaintiff now has or has ever had during Plaintiff's employment with Defendants and any other compensation or wages. This release does not include a release of any rights that Plaintiff may have under this Agreement.

2) Nothing contained in this Agreement is intended to, or shall, interfere with Employee's rights under federal, state, or local civil rights or employment discrimination laws (including, but not limited to, Title VII, the ADA, the ADEA, GINA, USERRA, or their state or local counterparts) to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, or to cooperate with any such agency in its investigation, none of which shall constitute a breach of this Agreement.

5.     <u>Court Approval and Dismissal of Action.</u>  Within 14 days of the Parties' full execution of this Agreement, Plaintiff shall seek approval of the Parties' settlement by the Court and the entry of a Stipulated Order Approving Settlement and Dismissing Action with Prejudice in the form attached hereto as <u>Exhibit A.</u>

6.     <u>Agreement Not an Admission.</u>  The Parties' settlement and this Agreement have been entered into to compromise disputed claims, without any admission or concession of liability or non-liability. Nothing in this Agreement may be deemed to constitute an admission or acknowledgment concerning Defendants' wage payment policies, procedures, or practices or the application of the FLSA or the NJWHL to such policies, procedures, or practices or serve as precedent or evidence to prove or interpret any such policies, procedures, or practices. The Parties

have agreed to settle all disputes as are enumerated herein strictly as a compromise unrelated to the merits of the respective disputes. This Agreement is without prejudice or value as precedent and shall not be used in any proceeding to create, prove, or interpret obligations under any laws, regulations, or contract.

7. <u>Entire Agreement.</u> This Agreement contains the complete and entire agreement between and among the Parties with regard to the matters set forth herein and supersedes all prior discussions, agreements, and understandings, whether oral or written, between or among the Parties.

8. <u>Successors in Interest.</u> This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and/or assigns of each of the Parties.

9. <u>Application of Agreement Only to Parties.</u> This Agreement is intended to confer rights and benefits only on the Parties and the Releasees. No individual or entity other than the Parties and the Releasees shall have any legally enforceable rights under this Agreement.

10. <u>Governing Law and Venue.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey and, as applicable, the federal law of the United States of America. Any action brought in connection with this Agreement shall be brought only in a court of competent jurisdiction within the State of New Jersey.

11. <u>Amendments.</u> This Agreement may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements. This Agreement may be modified or amended only pursuant to a writing executed by the Parties.

12. <u>No *Contra Proferentem*.</u> The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with the participation of all Parties,

assisted by their respective counsel. Accordingly, this Agreement will be considered neutral and no ambiguity will be construed in favor of or against any of the Parties.

13. **Severability.** Should any provision of this Agreement, excluding the release language, be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

14. **Headings.** The headings of paragraphs are for reference purposes only and shall be disregarded when resolving any dispute concerning the meaning or interpretation of this Agreement.

15. **Counterparts.** This Agreement may be signed in two or more counterparts, which counterparts when taken together shall constitute a single integrated Agreement. Electronic signatures are authorized.

16. **Acknowledgment.** Each of the Parties acknowledges and agrees that he or it has consulted with counsel prior to executing this Agreement, knows and understands the provisions of this Agreement, and is entering into this Agreement knowingly, voluntarily and of his or its own free will, and intending to be legally bound.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the last date set forth below.

**PLAINTIFF**

DATED: 6/14/23        _____
                      Sam Li

**DEFENDANTS**

                      Sushi To Go Cherry Hill, LLC

DATED: _____   By: _____
                              President

6

assisted by their respective counsel. Accordingly, this Agreement will be considered neutral and no ambiguity will be construed in favor of or against any of the Parties.

13. Severability. Should any provision of this Agreement, excluding the release language, be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

14. Headings. The headings of paragraphs are for reference purposes only and shall be disregarded when resolving any dispute concerning the meaning or interpretation of this Agreement.

15. Counterparts. This Agreement may be signed in two or more counterparts, which counterparts when taken together shall constitute a single integrated Agreement. Electronic signatures are authorized.

16. Acknowledgment. Each of the Parties acknowledges and agrees that he or it has consulted with counsel prior to executing this Agreement, knows and understands the provisions of this Agreement, and is entering into this Agreement knowingly, voluntarily and of his or its own free will, and intending to be legally bound.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the last date set forth below.

**PLAINTIFF**

DATED: _____ _____
                                                                               Sam Li

**DEFENDANTS**

Sushi To Go Cherry Hill, LLC

DATED: 2023年6月20日          By: _____
                                                                               President

2023年6月20日

DATED: 2023年6月20日              _____
                                 Cindy "Doe" (last name unknow), Individually

DATED: 2023年6月20日              _____
                                 John Zhang, Individually